2013 Ark. 145

**Jackie M. BREEDEN Jr., Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 12–588.**

Supreme Court of Arkansas.

April 11, 2013.

James Law Firm, Little Rock, by: William O. "Bill" James, Jr, for appellant.

Dustin McDaniel, Att'y Gen., by: Jake H. Jones, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice.

A jury found Appellant Jackie M. Breeden Jr. guilty of the rape of his minor daughter and sentenced him to life imprisonment. The attorney appointed to represent Appellant on appeal of the conviction has filed a motion to withdraw as counsel and a no-merit brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Arkansas Supreme Court Rule 4–3(k) (2012) set the requirements for withdrawal of counsel for a defendant in a criminal case after a notice of appeal has been filed on the basis that an appeal is without merit. In accordance with Rule 4–3(k)(2), our clerk furnished Appellant with a copy of the no-merit brief. Appellant submitted a pro se response, setting forth in narrative form issues he believed warranted a reversal of his conviction, and the State has responded. Because Appellant received a sentence of life imprisonment, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2) (2012). We find no reversible error and, therefore, affirm Appellant's conviction and grant counsel's motion to withdraw

The record reveals the following pertinent facts. Appellant began raping A.B., his biological daughter, when she was ten or eleven years old. According to A.B., Appellant forced her to engage in intercourse with him two or more times a week. The abuse continued until Appellant was fourteen years old, at which time she confessed the abuse to her mother, Paula Breeden, who in turn contacted authorities. Natalie Tibbs, a sexual-assault nurse examiner, examined A.B. and discovered damage to the victim's hymen that was indicative of sexual assault or trauma.

When confronted with the accusations, Appellant admitted to engaging in sexual relations with A.B. He was arrested and charged with one count of rape, in violation of Arkansas Code Annotated § 5–14–103 (Supp.2011). The information alleged that Appellant engaged in sexual intercourse or deviate sexual activity with A.B., who was less than fourteen at the time, on various dates from 2006 through 2010.

Appellant was tried before a Benton County jury, found guilty, and sentenced as set forth above. His appointed counsel has now filed this no-merit appeal, and Appellant has filed a pro se response.

Counsel asserts that there were only two rulings decided adversely to Appellant at trial: (1) the denial of Appellant's motion for directed verdict, and (2) the overruling of Appellant's objection to the admission of certain photographs of the victim. Counsel argues that neither of these adverse rulings presents a basis for reversal of Appellant's conviction. Counsel further argues that the directed-verdict motion was general and preserved for appeal only the question of whether the State presented sufficient evidence that

the victim was under fourteen years of age at the time of the offense.

■ Although raised as the second point in the *Anders* brief, we will first consider the directed-verdict motion for purposes of double jeopardy. *See Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227. When reviewing a challenge to the sufficiency of the evidence, this court assesses the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Bradley v. State*, 2013 Ark. 58, 426 S.W.3d 363, 2013 WL 543884. We will affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

■ First, we must consider counsel's assertion that the only part of the directed-verdict motion preserved for our review is that regarding the sufficiency of the evidence establishing the victim's age. At the close of the State's case, Appellant moved for a directed verdict, and argued,

> We don't believe that the State has made a prima—prima facie case on all the elements of the crime of rape as charged, and specifically on the element of the victim's age at the time of the alleged acts, and so we would ask this court to direct a verdict of not guilty.

And, again, at the close of all the evidence, Appellant renewed his motion for a directed verdict, only arguing with specificity that the State failed to prove the victim's age at the time of the alleged acts.

■ Arkansas Rule of Criminal Procedure 33.1 (2012) requires that a motion for directed verdict state the specific grounds on which the movant is relying. The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. Ark. R.Crim. P. 33.1(c). A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. *Id.* A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. *Id.; see also Williamson v. State,* 2009 Ark. 568, 350 S.W.3d 787. Accordingly, we agree with appointed counsel that the directed-verdict motion is preserved only to the extent of whether there was sufficient evidence proving the victim's age.

A person commits the offense of rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark.Code Ann. § 5–14–103(a)(3)(A) (Supp.2011). "Sexual intercourse" means "penetration, however slight, of the labia majora by a penis." Ark.Code Ann. § 5–14–101(11) (Supp.2011). "Deviate sexual activity" is defined as "any act of sexual gratification" involving "[t]he penetration, however slight, of the anus or mouth of a person by the penis of another person." Ark.Code Ann. § 5–14–101(1)(A) (Supp.2011).

■ A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *Brown v. State,* 374 Ark. 341, 288 S.W.3d 226 (2008). The rape victim's testimony need not be corroborated, and scientific evidence is not required. *Kelley v. State,* 375 Ark. 483, 292 S.W.3d 297 (2009). Moreover, it is the function of the jury, and not the reviewing court, to evaluate the credibility of witnesses and to resolve

any inconsistencies in the evidence. *Vance v. State*, 2011 Ark. 392, 384 S.W.3d 515.

▮ Here, A.B. testified that Appellant began having sexual intercourse with her when she was eleven years old and that it continued until she was fourteen years old. She also testified that Appellant forced her to perform oral sex on him during that same time frame. There was further evidence introduced that a physical examination by nurse Natalie Tibbs revealed that A.B.'s hymen had a notch, consistent with penetration or sexual assault. Finally, the jury heard the audio recording of a statement given by Appellant to Investigator Wes Bryant, with the Benton County Sheriff's Office. In his statement, Appellant admitted to engaging in sexual intercourse with A.B., starting when she was approximately ten years old. He also admitted that she performed oral sex on him and that he once penetrated her anus. Clearly, this was sufficient evidence that Appellant engaged in sexual intercourse with a person less than fourteen years of age.

The next adverse ruling briefed by counsel is Appellant's objection to the introduction of photographs of the victim that was overruled on the grounds that the photographs were relevant and admissible. According to counsel, the circuit court's admission of the photographs was proper, as they were relevant to help the jury visualize the testimony and allegations. Alternatively, counsel asserts that any error resulting from the admission of the photographs was harmless, in light of the overwhelming evidence of Appellant's guilt.

▮ ⌊₆We have held that the admission of photographs is a matter left to the sound discretion of the circuit court, and we will not reverse absent an abuse of that discretion. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. When photographs are helpful to explain testimony, they are ordinarily admissible. *Id.* The mere fact that a photograph is inflammatory or cumulative is not, standing alone, sufficient reason to exclude it. *Id.* Even the most gruesome photographs may be admissible if they assist the trier of fact in any of the following ways: (1) by shedding light on some issue, (2) by proving a necessary element of the case, (3) by enabling a witness to testify more effectively, (4) by corroborating testimony, or (5) by enabling jurors to better understand the testimony. *Id.*

▮ The three photographs at issue here of A.B. were taken each year of her life from ten to twelve years of age. In overruling Appellant's relevancy objection, the circuit court found that the pictures were relevant to show the jury the age of the victim at the time that the rape was alleged to have occurred and that the pictures' probative value outweighed any prejudicial impact. We cannot say that this was error. The State was required to prove that Appellant engaged in sexual intercourse or deviate sexual activity with a person less than fourteen years of age. These photographs depicting A.B. at the ages of ten, eleven, and twelve were introduced during the testimony of A.B.'s mother, Paula Breeden, and depicted the victim at the time the rape was occurring and were therefore relevant. Moreover, Appellant never argued that the photographs were unduly prejudicial. He simply argued they were not relevant. It is axiomatic that this court will not reverse absent a showing of prejudice. *Gulley* ⌊₇v. State*, 2012 Ark. 368, 423 S.W.3d 569. We therefore affirm the circuit court's ruling admitting these photographs.

▮ Having reviewed the adverse rulings identified by counsel, we now turn to the issues raised by Appellant in his response to the no-merit brief. Appellant's

response is actually a narrative of the events surrounding his arrest and trial. He does not set forth specific allegations of error or provide any citation to authority. This court has recognized that we need not address an argument unsupported by citation to authority or convincing argument. *James v. State*, 2010 Ark. 486, 372 S.W.3d 800.

Even ignoring the fact that Appellant has failed to provide us with actual allegations of error, supported by citation to authority, none of the issues that can be identified in Appellant's response warrant a reversal of his conviction. The issues identified by this court are (1) a claim of constructive denial of counsel, (2) a challenge to the credibility of the victim's testimony, (3) improper admission of a coerced confession, (4) ineffective assistance of counsel, (5) violation of his due-process rights, and (6) insufficiency of the evidence.

 Turning first to Appellant's contentions that he was initially denied counsel, that A.B.'s testimony was not credible, and that his confession was coerced and should have been suppressed, these arguments are being raised for the first time on appeal. To preserve an argument for appeal, there must be an objection to the circuit court that is sufficient to apprise the court of the particular error alleged, and we will not address arguments raised for the first time on appeal. *Gilliland v. State*, 2010 Ark. 135, 361 S.W.3d 279. Accordingly, these issues are not preserved for our review.

 |₈We turn next to Appellant's claim that his trial counsel was ineffective. This court has explained that a claim of ineffective assistance of counsel is appropriate on direct appeal only when it is raised before the circuit court, and the facts and circumstances surrounding the claim have been fully developed at the trial

level. *Guevara v. State*, 2012 Ark. 351, 2012 WL 4471129. Here, no such claim was raised below and, therefore, cannot be addressed on direct appeal.

 Appellant further states that he was removed from the courtroom for some of the proceedings and did not get to hear all the testimony against him. This allegation is one of a due-process violation; however, Appellant does not in any way elaborate as to when or why he was not present or whether it was during a critical stage of the proceedings. And, there is nothing in the record to indicate that Appellant ever objected on the basis that he was removed from the proceedings. With nothing more than this bare, conclusory allegation, and considering that Appellant never objected below, this court will not consider even a constitutional argument on appeal. *Nance v. State*, 323 Ark. 583, 918 S.W.2d 114 (1996).

Finally, Appellant challenges the sufficiency of the evidence supporting his conviction. As we have already addressed the issue of the sufficiency of the evidence, it is not necessary to revisit that issue.

The record in this case has been examined in compliance with Arkansas Supreme Court Rule 4-3(i) for objections, motions, and requests made by either party that were decided adversely to Appellant. *See James*, 2010 Ark. 486, 372 S.W.3d 800. We find no prejudicial error and affirm.

Affirmed; motion to withdraw as counsel granted.