

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-562

| | | |
|---|---|---|
| | | **Opinion Delivered** December 11, 2013 |
| JOHN ALLEN WOODS | APPELLANT | APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT [Nos. CR-2010-307, CR-2012-166] |
| V. | | |
| | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

A Poinsett County jury convicted John Allen Woods of raping C.N., his minor stepdaughter, and the trial court imposed a forty-year prison sentence. On appeal, Woods argues that the trial court erred by allowing the introduction of prior bad acts into evidence under the pedophile exception to Arkansas Rule of Evidence 404(b). He also argues that there is insufficient evidence to support the rape conviction. We affirm.

On July 11, 2012, the State filed a felony information charging Woods with one count of rape, pursuant to Arkansas Code Annotated section 5-14-103 (Supp. 2011), occurring on or about March 8, 2012, and one count of sexual indecency with a child, pursuant to Arkansas Code Annotated section 5-14-110 (Supp. 2011), occurring on or about March 8, 2012. In an amended felony information, the State changed the dates of the alleged offenses to March 2, 2011–March 2, 2012.

Woods moved in limine, pursuant to Arkansas Rules of Evidence 404(b) and 403, to exclude evidence of a 1998 Missouri conviction for first-degree child molestation. At a pretrial hearing, Woods argued that evidence of his prior conviction was not independently relevant and that the danger of prejudice greatly outweighed any probative value of the evidence. He also argued that because the conviction occurred fifteen years ago, it was inadmissible under Arkansas Rule of Evidence 609. The State responded that the evidence was admissible under the pedophile exception to Rule 404(b) because the facts surrounding the sexual abuse of the victim in Missouri were similar to the allegations made by C.N. The trial court found that the evidence was admissible under the pedophile exception and denied Woods's motion in limine.

A jury trial followed, wherein twenty-four-year-old K.L. testified that from the time she was four years old until she was about seven, Woods, her stepfather at the time, sexually abused her. She said that he touched her vagina with his hands; kissed her on her mouth, chest, and vagina; and rubbed her breasts with his hands. K.L. said that the abuse occurred three times a week—sometimes more—when her mother was away and after Woods instructed K.L.'s younger siblings to stay in the front room and watch television. She told the jury that she did not tell anyone about the abuse because Woods told her that he would kill her mother. He also told K.L. that no one would believe her. She testified that Woods pleaded guilty to sexually abusing her.[1] At the conclusion of K.L.'s testimony, the trial court sua sponte gave a cautionary instruction to the jury that Woods was not on trial for the allegations made by K.L.

---

[1]The State also introduced certified copies of the Missouri judgment and sentence entered against Woods in 1998.

C.N., thirteen years old at the time of trial, testified that she lived with her mother, her stepfather Woods, and two siblings. C.N. said that between August 2011 and March 2012, while her mother was at work and after Woods told C.N.'s siblings to watch a movie, play video games, or play outside, Woods took her to a bedroom and sexually abused her. C.N. said that approximately fifteen times, he held her down, felt her breasts, and inserted his fingers in her vagina. C.N. added that Woods kissed her on the mouth and watched her take showers. She said that she did not tell anyone because he told her that she would be taken away from her mother and that no one would believe her.

C.N.'s siblings, J.W. (eleven years old) and M.W. (nine years old), testified that between the dates of August 2011 and March 2012, they remembered, on more than one occasion, Woods telling them to go outside or watch TV and then taking C.N. into their parents' room and shutting the door. Ellen Sharp, C.N.'s mother, testified that on March 8, 2012, she received a text message from C.N., stating that Woods had been touching her. Ellen said that Woods denied the allegations.

Gary Hefner of the Harrisburg Police Department testified that he investigated C.N.'s rape allegations against Woods, interviewing all the parties involved. He said that he did not take C.N. to a medical facility for an examination.

Woods testified that on March 8, 2012, he and C.N. argued when Woods would not let her go to a friend's house. C.N. screamed at Woods, and he sent her to her room and told her that she could not go to a dance. In response, she told him she was going to get her way. He

SLIP OPINION

denied C.N.'s allegations of abuse. While admitting his prior child-molestation conviction, he denied most of K.L.'s allegations.

At the conclusion of the evidence, counsel for Woods renewed prior motions for directed verdict on the rape and sexual-indecency-of-a-child charges. The trial court granted the motion as it related to the sexual-indecency-of-a-child charge, but denied the motion as it related to the rape charge. The case was submitted to the jury, which found Woods guilty of rape and recommended a sentence of forty years' imprisonment. The trial court accepted the jury's sentencing recommendation, and the sentencing was formalized in an order entered by the trial court on January 29, 2013. Thereafter, Woods filed a motion for judgment notwithstanding the verdict, arguing that he did not receive a fair trial because K.L.'s testimony inflamed the jury, the trial court's cautionary instruction following K.L.'s testimony was improper, and the evidence was insufficient to support the verdict. The trial court, on February 12, 2013, entered an order denying the motion for judgment notwithstanding the verdict. Woods timely appealed.

Woods raises two points on appeal. The first is that the trial court erred in admitting evidence of the 1998 child-molestation conviction under the pedophile exception to Rule 404(b). Second, he argues that there is insufficient evidence to support the rape conviction. Because of double-jeopardy concerns, we address Woods's second point on appeal first. *Breeden v. State*, 2013 Ark. 145, at 3, ___ S.W.3d ___, ___.

In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Richey v. State*, 2013 Ark. App. 382, at 2. This court will affirm a conviction when there is

SLIP OPINION

substantial evidence to support it, and substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* Moreover, the jury is responsible for determining the weight and credibility of evidence. *Id.*

For his sufficiency-of-the-evidence argument, Woods contends that the trial court erred in admitting evidence of the Missouri child-molestation conviction and that without the evidence of his prior bad acts, the only evidence supporting the rape conviction was C.N.'s testimony. He adds that there was no physical evidence supporting the allegations and that he denied the allegations.

A person commits the offense of rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2011). "Deviate sexual activity" is defined as "any act of sexual gratification" involving "[t]he penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person." Ark. Code Ann. § 5-14-101(1)(B) (Supp. 2011).

We first note that when we consider an appeal where sufficiency of the evidence is an issue and there are also arguments that certain evidence introduced during trial was inadmissible, we consider all the evidence, even that which may have been erroneously admitted at trial. *Ryan v. State*, 30 Ark. App. 196, 199, 786 S.W.2d 835, 837 (1990). Therefore, for purposes of reviewing the sufficiency of the evidence, contrary to Woods's argument, we consider K.L.'s testimony in the light most favorable to the State.

Additionally, according to C.N.'s testimony, on fifteen occasions between August 2011 and March 2012, when C.N. was twelve years old, Woods put his fingers in her vagina. A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *Breeden*, 2013 Ark. 145, at 4, ___ S.W.3d at ___. The rape victim's testimony need not be corroborated, and scientific evidence is not required. *Id.* at 4–5, ___ S.W.3d at ___. Moreover, it is the function of the jury, and not the reviewing court, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *Id.* at 5, ___ S.W.3d at ___. Finally, a lack of physical findings is not conclusive evidence that no rape occurred. *See Benson v. State*, 357 Ark. 43, 47, 160 S.W.3d 341, 343 (2004). Based on the testimony of C.N. and K.L., we hold that there is sufficient evidence to support the rape conviction and affirm on this point.

Woods's second point on appeal is that the trial court abused its discretion by admitting his prior conviction under Arkansas Rules of Evidence 404(b) and 403. Rule 404(b), entitled "Other Crimes, Wrongs, or Acts," generally excludes evidence of a defendant's prior bad acts; however, it also contains an exemplary, but not exhaustive, list of exceptions. *Craigg v. State*, 2012 Ark. 387, at 6, ___ S.W.3d ___, ___. We have explained that these exceptions inure because such evidence is independently relevant and does not merely establish that the defendant is a bad person who does bad things. *Id.* at 6–7, ___ S.W.3d at ___.

Additionally, our cases have also recognized a separate "pedophile exception" to the general rule that evidence of a defendant's prior bad acts cannot be used to prove that the defendant committed the charged crime. *Id.* at 7, ___ S.W.3d at ___. The pedophile exception

6

allows the State to introduce evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Id.*, ___ S.W.3d at ___. The rationale for this exception is that such evidence helps to prove the depraved sexual instinct of the accused. *Id.*, ___ S.W.3d at ___.

For the pedophile exception to apply, there must be a sufficient degree of similarity between the evidence to be introduced and the charged sexual conduct. *Id.*, ___ S.W.3d at ___. We also require that there be an "intimate relationship" between the defendant and the victim of the prior act. *Id.*, ___ S.W.3d at ___. Additionally, evidence admitted under Rule 404(b) must be temporally proximate, and we apply a reasonableness standard to determine whether a prior crime remains relevant despite the passage of time. *Id.*, ___ S.W.3d at ___.

Finally, we note that the admission or rejection of evidence under Rule 404(b) is within the sound discretion of the circuit court and will not be reversed absent a manifest abuse of discretion. *Id.* at 8, ___ S.W.3d at ___. Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court acted improvidently, thoughtlessly, or without due consideration. *Id.*, ___ S.W.3d at ___.

Woods argues that the pedophile exception is inapplicable to his 1998 Missouri child-molestation conviction because the facts surrounding the 1998 conviction and C.N.'s rape allegations are factually dissimilar. He asserts that the ages of the two alleged victims and the facts surrounding the sexual abuse are not the same. We disagree. In this case, there were sufficient similarities to satisfy the pedophile exception. In both instances, Woods engaged his

7

stepdaughters, who were both minors at the time and with whom he lived. He touched the breasts and vagina of both children with his hands. In both instances, he created opportunities for the abuse by waiting until the children's mothers were away and by intentionally isolating the victims from their siblings. Finally, he threatened both girls not to report the abuse.

Woods also argues that the 1998 child-molestation conviction, which occurred fifteen years ago, is too remote to be admissible under Rule 404(b). Again, we disagree. In *Craigg*, our supreme court held that the defendant's seventeen-year-old prior conviction for lewd molestation fell within the pedophile exception of Rule 404(b) and was admissible in the defendant's rape trial. 2012 Ark. 387, at 11–12, ___ S.W.3d at ___. *See also Lamb v. State*, 372 Ark. 277, 285, 275 S.W.3d 144, 150 (2008) (holding that the defendant's prior sexual acts with children, which occurred almost twenty years before the charged crime, were not too remote in time to be relevant). Therefore, we cannot say that the trial court abused its discretion in admitting Woods's 1998 conviction under the pedophile exception.

Alternatively, Woods argues that if the pedophile exception does apply, the prejudicial value of the 1998 conviction far outweighs its probative value under Rule 403, and that Arkansas Rule of Evidence 609, which governs the impeachment of witnesses, precludes the admission of the evidence due to the age of the conviction.[2] On these points, the trial court found that the

---

[2] Woods also argues that the trial court's sua sponte cautionary instruction following the testimony of K.L. failed to correct the prejudice caused by the admission of his prior conviction and that the trial court should have instructed the jury with AMI Crim. 2d 203A, which states that evidence of other crimes, wrongs, or acts of the defendant may not be considered to prove his character in order to show that he acted in conformity therewith. However, Woods neither objected to the trial court's cautionary instruction when it was given nor requested or proffered AMI Crim. 2d 203A when the jury instructions were read at the end of the trial. Issues not raised at trial will not be addressed for the first time on appeal. *Rohrbach v. State*, 374 Ark. 271,

1998 conviction had prejudicial value; however, citing *Craigg,* the trial court concluded that prejudicial value of the evidence was outweighed by its probative value based on the similarities of the two incidents in question. Further, regarding the time limit imposed in Rule 609, the trial court concluded that it applied to the introduction of prior convictions for purposes of impeachment in terms of truthfulness. In contrast, in the instant case, the trial court found that the evidence at issue was being offered, under the pedophile exception, to show the particular sexual depravity of Woods—not to show that he was untruthful. We cannot say that the trial court abused its discretion on these points. Therefore, we affirm.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Paul J. Teufel,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *LeaAnn J. Adams,* Ass't Att'y Gen., for appellee.

---

281, 287 S.W.3d 590, 598 (2008). Woods first questioned the propriety of the trial court's cautionary instruction in his posttrial motion for judgment notwithstanding the verdict but cites no authority for such a motion in a criminal proceeding. *Id.* at 281, 287 S.W.3d at 598.