

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–817

| | | |
|---|---|---|
| T.N. | | **Opinion Delivered** March 19, 2014 |
| | APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-12-267-1] |
| V. | | |
| | | HONORABLE JOE E. GRIFFIN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

Appellant T.N. appeals his conviction by a Miller County jury on a charge of rape in violation of Arkansas Code Annotated section 5–14–103(a)(3)(A) (Repl. 1997), for which he was sentenced to forty years' imprisonment in the Arkansas Department of Correction. Appellant's sole argument on appeal is a challenge to the sufficiency of the evidence supporting his conviction. We affirm.

The victim of the crime in this case, T.H., was four years old[1] in 1999 when the assault occurred at her grandmother's house in Texarkana, Arkansas. She did not reveal the assault, however, until she was seventeen years old. At that time, she told her mother that her mother's half-brother led her from a sewing room where she was playing dress-up, into

---

[1]It is undisputed that appellant was born in 1983, and that T.H. was born on September 19, 1995.

SLIP OPINION

a bathroom at her grandmother's house where he raped her. The jury trial was held on May 28, 2013, some fourteen years after the date alleged in the information.

T.H. testified, describing the assault as she had explained it to her mother. In addition to the description of appellant leading her from her grandmother's sewing room to the bathroom, she testified that there was Vaseline on a shelf, which appellant used in the commission of the rape, and described a square package that she later learned was a condom.

The victim's mother and grandmother also testified at trial. Her mother stated that she was told of the assault when the family was coming back from church. Prior to that, T.H. had been having seizures that could not be traced to a physical condition. T.H.'s mother took her to a counselor who called a hotline. In addition to other information she provided about appellant's connection to the family, the victim's grandmother corroborated T.H.'s recollection of the sewing room and the bathroom where she kept Vaseline to remove her makeup.

Appellant testified in his defense. He stated that he was born in 1983 and explained that he and his brother lived in Texarkana for six or seven years. Appellant said that from 1999 until 2000, he lived in foster homes, several of which were outside of Miller County, Arkansas. He stated that in 1999, the year of the alleged assault, he was in a lock–down mental facility from which he could not leave. Appellant explained that he was there for a few months, then went to Magnolia, Arkansas, for a couple of months, and then was sent to a foster home in Nashville, Arkansas. Appellant denied contact with the victim, other than

seeing her when they met in 2000 and again in 2002 or 2003, when he was found asleep in a laundry room at the victim's house. Appellant denied all sexual contact with the victim.

In his motion for directed verdict, appellant argued three points: (1) that it was error for the State to withdraw a plea agreement, accepted by the parties, before it was submitted to the trial judge;[2] (2) that the State failed to produce proof that the crime happened in Miller County, Arkansas; and (3) that the State failed to present sufficient evidence to go to the jury. The motion was denied, and appellant was found guilty and sentenced pursuant to a sentencing order entered on June 11, 2013. He filed a timely notice of appeal on June 24, 2013, and this appeal followed.

We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Taylor v. State*, 2011 Ark 10, 370 S.W.3d 503. In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Id.* Substantial evidence is that evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

Our supreme court stated in *Estrada v. State*, 2011 Ark. 3, 376 S.W.3d 395, that to prove rape, the State had to show that appellant engaged in sexual intercourse or deviate sexual activity with a person less than fourteen years old. Ark. Code Ann. § 5-14-103(a)(4) (Repl. 1997). "Deviate sexual activity" means any act of sexual gratification involving the

---

[2]This argument was abandoned on appeal.

penetration, however slight, of the anus or mouth of a person by the penis of another." Ark. Code Ann. § 5-14-101(1)(A) (Repl. 1997).

A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *Woods v. State*, 2013 Ark. App. 739, __ S.W.3d __. The rape victim's testimony need not be corroborated, and scientific evidence is not required. *Id*. Moreover, it is the function of the jury, and not the reviewing court, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *Id*. Finally, a lack of physical findings is not conclusive evidence that no rape occurred. *Id*.

Appellant argues that a date certain, even a week or month certain, for the alleged assault, was never established by the testimony presented by the State. Appellant claims that he was forced to defend against allegations that might have happened at some point over the course of an entire year some fourteen years after the alleged event. Although appellant acknowledges that he did not explicitly present his argument to the trial court in terms of the Sixth Amendment to the U.S. Constitution, he claims that his substantive rights contained therein were violated. Appellant's argument is that, due to the uncertain time alleged and the delay of fourteen years in the bringing of the charge, it was impossible for him to compose a defense. Also, there was no DNA or other blood evidence produced at trial that appellant could have defended against.

Appellant challenges the credibility of T.H.'s testimony, discounting it as simply a story that was not "uttered" until fourteen years after it was supposed to have happened. He

points out that T.H. did not know if the alleged assault had happened in the summer, winter, or fall, or what time of day it had occurred. T.H. stated that the year of 1999 was taken by her as the correct year because the State said the rape happened in 1999. She also did not remember whether the police ever showed her a photo line-up featuring appellant. Appellant maintains that T.H.'s testimony, suppressed for more than a decade and dependent on the perception of a then four year old, should violate the court's sense of fair play and should not meet constitutional muster.

Appellant's claim that his Sixth Amendment right to a fair trial was violated is procedurally barred as his argument was not raised at trial. *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325. Even constitutional arguments must be raised below in order to be preserved for appellate review. *London v. State*, 354 Ark. 313, 125 S.W.3d 813 (2003). At trial, appellant never made an argument that any of his constitutional rights had been violated; thus, we decline to address the issue on appeal. *Id.*

We further hold that the circuit court's ruling does not warrant reversal because substantial evidence supports appellant's conviction of rape. Under our standard of review, it was the jury's duty, not ours, to determine the victim's credibility and resolve any conflicts in her testimony. *Bell v. State*, 371 Ark. 375, 266 S.W.3d 696 (2007); *Childress v. State*, 2009 Ark. App. 234. Viewing the evidence supporting appellant's conviction in the light most favorable to the State, we hold that substantial evidence supports the circuit court's finding that appellant raped T.H. sometime during 1999.

In cases of rape, the evidence is sufficient if the victim was able to give a full and detailed description of the defendant's actions. *Martin v. State*, 354 Ark. 289, 119 S.W.3d 504 (2003). Inconsistencies in a rape victim's testimony are matters of credibility for the jury to resolve, and it is within the jury's province to accept or reject testimony as it sees fit. *Ward v. State*, 370 Ark. 398, 260 S.W.3d 292 (2007). Our supreme court has recognized that, especially in cases involving a child victim, "it is rare that youthful victims of sexual abuse can provide exactness as to the time an offense occurred, and any discrepancies in the testimony concerning the date of the offense are for the jury to resolve." *Christian v. State*, 2013 Ark. 86, at 4–5.

During the State's thorough examination of T.H., she went into great detail about how, when, and where she had been raped by appellant. When asked where the rape had occurred, T.H. replied, "At my grandma's house on Jackson Street, Texarkana, Arkansas." When asked questions regarding when the rape occurred, T.H. testified that she was four years of age, she was in preschool, she knew which preschool teachers she had, and she could name the preschool she attended. On cross-examination, T.H. confirmed that the year she was raped was 1999. We hold that T.H.'s testimony, alone, constituted substantial evidence to support appellant's rape conviction. *Ward*, *supra*. The circuit court correctly denied appellant's motion for a directed verdict, allowing the jury to decide any questions of fact regarding when the rape had occurred in relation to the defense offered by appellant.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Phillip A. McGough*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.