SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-13-337

| | |
|---|---|
| BYRON KEVIN BEAVER<br><br>APPELLANT<br><br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 19, 2014<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. CR-2011-1009]<br><br>HONORABLE DAVID L. REYNOLDS, JUDGE<br><br>AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

Appellant was residing with his wife and children in Faulkner County when his wife discovered that appellant was sexually abusing their son, who was then about seven years old. Appellant was charged with and convicted of three counts of rape and received three consecutive sentences totaling ninety years' imprisonment. His sole argument on appeal is that one of those counts should be reversed because there was insufficient evidence of penetration. We affirm.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Breeden v. State*, 2013 Ark. 145, ___ S.W.3d ___. We will affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* A rape victim's

SLIP OPINION

uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *Woods v. State*, 2013 Ark. App. 739, ___ S.W.3d ___. The rape victim's testimony need not be corroborated, and scientific evidence is not required. *Id.* Moreover, it is the function of the jury, and not the reviewing court, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *Breeden*, *supra*.

Appellant was charged with rape under Arkansas Code Annotated section 5-14-103(a)(3)(A) (Repl. 2009). That section provides that a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Deviate sexual activity includes any act of sexual gratification involving the penetration, however slight, of the mouth of a person by the penis of another person. Ark. Code Ann. § 5-14-101(1)(A) (Supp. 2009).

The incident in question took place at the Faulkner County home of the victim's Aunt Sherry. When asked at trial how appellant touched him on that occasion, the then eight-year-old victim responded "the same way he did almost every time." Appellant argues that this is too ambiguous to support a finding of penetration and that his conviction for rape on this count is therefore not supported by substantial evidence. We do not agree. We conclude that the boy's testimony regarding the nature of the abuse makes it clear that the way appellant violated him "almost every time" was by putting the boy's penis in his mouth. Testifying about the abuse, the boy said:

> I call that body part that I just touched there [a penis] the tenders. I use my tenders for going to the bathroom. I'm okay. When I say that [appellant] would

touch my tenders, he would use his hand to touch my tenders, sometimes. There were other body parts that he would touch my tenders with. He would use his mouth. As to how he would touch my tenders with his mouth, he would go up and down with his mouth. When he would go up and down with his mouth, my tenders were in his mouth. . . . This happened at my house, at the lake house. . . . It happened in my room and my parents' [room]. When he would touch my tenders, when his mouth would be on my tenders, this would happen in the bed. . . . It was just my dad and I in the room where this happened in my house. I remember it was at nighttime.

I have an Aunt Sherry. . . . [Appellant] touched me in Aunt Sherry's house. I remember I was in the bedroom at Aunt Sherry's house. When I was at Aunt Sherry's house, he would touch me the same way he did almost every time. . . . There were other places besides Aunt Sherry's house and my lake house that my dad touched me. That was at the White River and the deer camp. . . . I call that the bottoms. My dad touched me there. That happened at the White River only; that only happened at the White River. I remember how he touched me there; he put his finger—on my bottom. When I say on my bottom, I mean like on the inside.

The abuse at the White River (which was not charged here because it did not occur in Faulkner County) was unique in that it was the only time, according to the victim's testimony, that appellant digitally penetrated the victim's anus. When the victim's entire testimony is read in context, we think that the jury could reasonably have concluded that appellant's usual practice was to touch the victim's penis with his hands and place the victim's penis in his mouth, and that this is what the victim was referring to when he testified that appellant touched him at Aunt Sherry's house "the same way he did almost every time."

Affirmed.

WYNNE and BROWN, JJ., agree.

*Jack T. Lassiter* and *John Wesley Hall*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.