SLIP OPINION

Cite as 2014 Ark. 239

# SUPREME COURT OF ARKANSAS

No. CR–13–850

| | |
|---|---|
| TRACY DEAN JEFFRIES<br>APPELLANT | **Opinion Delivered** May 22, 2014 |
| V. | APPEAL FROM THE HOT SPRING<br>COUNTY CIRCUIT COURT<br>[NO. 30CR–12–170-1] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHRIS E WILLIAMS,<br>JUDGE |
| | <u>AFFIRMED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Tracy Dean Jeffries appeals his conviction of two counts of rape and the two consecutive life sentences he received as a result of the conviction. Jeffries raises three points on appeal: (1) the circuit court erred by denying his motion for directed verdict; (2) the State's burden of proof was impermissibly lowered; and (3) the circuit court erred by not excluding certain evidence pursuant to Rule 404(b) of the Arkansas Rules of Evidence. After reviewing the record, we find no error and affirm.

Z.B., who was ten years old at the time of trial, testified that he was friends with some of Jeffries's family, particularly Jeffries's grandson, D.J. Z.B. would often spend the night with D.J. and others at Jeffries's residence. Z.B. recalled that, on several occasions, Jeffries would suck Z.B.'s penis while he was there visiting. Z.B. would wake up in Jeffries's room, and Jeffries would be sucking his penis. Z.B. testified that, on one occasion, Jeffries anally raped

SLIP OPINION

him and on another, Jeffries tried to make Z.B. suck Jeffries's penis, but Z.B. threw up making the attempt. Z.B. never reported to anyone what Jeffries was doing to him because he was scared and because Jeffries had told him that something bad would happen if he told.

While Z.B.'s parents considered Jeffries a good friend of their family, Robert Moore, who was Z.B.'s soon-to-be stepfather at the time of trial, testified that he grew suspicious of Jeffries when he found text messages from Jeffries to Moore's eleven-year-old daughter and when Jeffries began to talk inappropriately about other young girls. Moore discussed this suspicion with Z.B.'s mother, Dathena Roots. Roots then approached Z.B. and asked him if Jeffries had ever done anything to make him uncomfortable. Roots testified that Z.B.'s eyes grew teary, and he disclosed what Jeffries had been doing. Roots immediately reported it to the authorities.

On July 6, 2012, the State charged Jeffries by felony information with two counts of rape, in violation of Arkansas Code Annotated section 5-14-103, based on the allegation that he had engaged in sexual intercourse or deviate sexual activity with a person less than fourteen years of age by committing oral sex on a juvenile and by committing anal sex on a juvenile. Prior to trial, Jeffries filed a motion in limine, arguing to exclude evidence of prior convictions, his prior sex-offender status, and any mention of prior criminal history. The State then moved to admit certain evidence pursuant to the pedophile exception. The State argued that testimony from D.J., Jeffries's minor grandson, as well as testimony from an older niece and nephew of Jeffries, C.C. and G.B., would illustrate Jeffries's proclivity to engage in similar acts of sexual activity with children and, therefore, should be admissible. Following

SLIP OPINION

a hearing, the circuit court found that the testimony of D.J., C.C., and G.B. would be admissible regarding their allegations of Jeffries's prior sexual acts with them.

On March 13, 2013, the case proceeded to trial. At the conclusion of the State's case-in-chief, Jeffries moved for directed verdict, which was denied. Jeffries did not present any witnesses and rested his case.[1] At the conclusion of the trial, the jury found Jeffries guilty on both counts of rape and sentenced him to life imprisonment for each count to be served consecutively. The circuit court subsequently entered a judgment and commitment order reflecting the jury's conviction and sentence. Jeffries timely filed a notice of appeal and now brings his appeal from the circuit court's order.

Jeffries contends that the circuit court erred in denying his motion for directed verdict on the charges of rape. On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *See Smoak v. State*, 2011 Ark. 529, 385 S.W.3d 257. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *See id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *See id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *See id.*

---

[1]Jeffries did not renew his motion for a directed verdict after resting his case. However, as applicable here, renewal of a directed-verdict motion is not required to preserve a sufficiency challenge on appeal when the defense rests without presenting any evidence. *See Williamson v. State*, 2009 Ark. 568, 350 S.W.3d 787.

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen (14) years of age. *See* Ark. Code Ann. § 5-14-103(a)(3)(A) (Repl. 2013). "Sexual intercourse" means "penetration, however slight, of the labia majora by a penis." Ark. Code Ann. § 5-14-101(11) (Repl. 2013). "Deviate sexual activity" is defined as "any act of sexual gratification" involving "[t]he penetration, however slight, of the anus or mouth of a person by the penis of another person." Ark. Code Ann. § 5-14-101(1)(A) (Repl. 2013).

As previously noted, the victim here, Z.B., testified that Jeffries forced him to submit to oral sex on several occasions and had also penetrated him anally. In addition, the jury heard testimony from Jeffries's minor grandson, as well as Jeffries's older niece and nephew, that Jeffries had performed similar acts on them and in a similar fashion. Additionally, D.J. testified that he had seen Z.B. alone in the bedroom with Jeffries one night and that Jeffries was doing something similar to Z.B. as Jeffries had done to him; although, D.J. did admit that because it was dark in the room, he could not see fully what they were doing.

While Jeffries argues that Z.B. was not old enough to provide credible testimony to constitute substantial evidence, the argument is not well taken. First, Jeffries never challenged the victim's competency to testify at trial. Furthermore, this court has repeatedly held that a rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *See Breeden v. State*, 2013 Ark. 145, ___ S.W.3d ___; *see also Jones v. State*, 300 Ark. 565, 780 S.W.2d 556 (1989). A rape victim's testimony need not be corroborated, and scientific evidence is not required.

*See Breeden*, 2013 Ark. 145, ___ S.W. 3d ___. Moreover, it is the function of the jury, and not the reviewing court, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *See id*. Substantial evidence was presented to the jury in the instant case to support Jeffries's convictions of rape, and we affirm.

For his second point on appeal, Jeffries argues that he was deprived of a fair trial because the State lowered the required burden of proof during voir dire. The State avers that this argument has no merit because the circuit court did not abuse its discretion in conducting voir dire and the jury was ultimately instructed with a correct statement of the State's burden. We agree with the State.

The course and conduct of voir dire examination of the veniremen is primarily within the circuit court's discretion and an appellant must show that the court abused that discretion. *See Hall v. State*, 315 Ark. 385, 868 S.W.2d 453 (1993). This court will presume that the jury followed the court's instruction on the proper burden of proof. *See id*.

A review of the voir dire proceedings reveals that the circuit court did not entertain all of Jeffries's objections to comments by the State relating to the burden of proof. However, the circuit court did admonish the jury to disregard one question presented by the State when the court believed that the State had not correctly phrased the proper burden. It also appears that the circuit court had to keep Jeffries's counsel from deviating from the correct burden in his statements to the jury. The circuit court interjected and gave the following instruction to the venire members:

There are elements that I will read to you of each one of these offenses. Those

5

elements are mandatory for the State to prove beyond a reasonable doubt. Those elements are presented to you in facts. You will receive the facts from the witness stand and exhibits that are introduced into evidence per my instructions. You will apply those facts to the elements of the crime and decide from there whether the State has proved beyond a reasonable doubt. I do not want you confused by the arguments made in voir dire by the attorneys.

Additionally, at the close of the case, the empaneled jurors were more specifically instructed before deliberations. The court read instructions to the jury on the specific charges, and the jury was informed that the State had to prove each element of the offense charged beyond a reasonable doubt. One of the instructions defined reasonable doubt. The instructions read to the jury had been first reviewed by both the State and by Jeffries's counsel, and there were no objections. We cannot say after our review of the record that the circuit court abused its discretion in how it conducted voir dire, or that the State was allowed to lower its burden of proof.

Lastly, Jeffries argues that the testimony of D.J., C.C., and G.B. should have been excluded because it was irrelevant as to his guilt or innocence in the instant case, as well as highly prejudicial. The State argues, as it did below, that the evidence was admissible under the pedophile exception to Rule 404(b) of the Arkansas Rules of Evidence. Jeffries provides no argument that the pedophile exception did not apply to the evidence. We find no error in the circuit court's admission of the testimony.

This court's precedent on the pedophile exception to Rule 404(b) is as follows:

> The admission or rejection of evidence under Rule 404(b) is within the sound discretion of the circuit court, and it will not be reversed absent a manifest abuse of discretion. *E.g.*, *Strong v. State*, 372 Ark. 404, 277 S.W.3d 159 (2008). According to Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove

the character of a person in order to show that he acted in conformity therewith." Such evidence is permissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ark. R. Evid. 404(b). This court's precedent has recognized a "pedophile exception" to this rule, whereby evidence of similar acts with the same or other children is allowed to show a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *E.g.*, *Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005). For the pedophile exception to apply, we require that there be a sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant. *E.g.*, *White v. State*, 367 Ark. 595, 242 S.W.3d 240 (2006). There must also be an "intimate relationship" between the perpetrator and the victim of the prior act. *Id.*

*Hendrix v. State*, 2011 Ark. 122, at 7–8. The rationale for the pedophile exception is that such evidence helps to prove the depraved sexual instinct of the accused. *See Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005); *Greenlee v. State*, 318 Ark. 191, 884 S.W.2d 947 (1994). Evidence admitted pursuant to Rule 404(b) must not be too separated in time, making the evidence unduly remote. *See Nelson v. State*, 365 Ark. 314, 229 S.W.3d 35 (2006). The circuit court is given sound discretion over the matter of remoteness and will be overturned only when it is clear that the questioned evidence has no connection with any issue in the present case. *See id.*

As previously noted, D.J., C.C., and G.B. all testified that Jeffries had been sexually inappropriate with them as minors when they were in his care. Both D.J. and G.B. testified that Jeffries would force oral sex on them, and D.J. testified that Jeffries also raped him anally. D.J. stated that the rapes would occur during both the day and the night, but that nobody else would be home when it occurred during the day. G.B. testified that every time he was raped, he would be asleep and wake up as Jeffries was performing oral sex on him against his

will.  C.C. testified that she had also been asleep when Jeffries took advantage of her.  She stated that she awoke to Jeffries squeezing her breasts hard and digitally penetrating her vagina.  This evidence not only illustrates Jeffries's depraved sexual instinct for minors, but also demonstrates his method for finding the opportunity to make sexual contact with them.

Clearly, the evidence is relevant and falls within the pedophile exception to Rule 404(b).  Moreover, Jeffries failed to demonstrate error pursuant to Rule 403 because the probative value of establishing similarities between the rapes of D.J., G.B., and C.C. with that of the victim here, Z.B., outweighed any alleged prejudice.  Therefore, we defer to the circuit court's broad discretion, and we cannot say it abused that discretion.  *See, e.g.*, *Brown v. State*, 2012 Ark. 399, 424 S.W.3d 288.

*Arkansas Supreme Court Rule 4-3(i)*

In the instant case, Jeffries received two sentences of life in prison.  Pursuant to Arkansas Supreme Court Rule 4–3(i) (2013), the record has been reviewed for all objections, motions, and requests that were decided adversely to Jeffries, and no prejudicial error has been found.

Affirmed.

*Gregory K. Crain*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.