Cite as 2023 Ark. App. 93

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-22-126

| | | |
|---|---|---|
| DAVID KELLEY-LUCAS | APPELLANT | Opinion Delivered February 22, 2023 |
| V. | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-20-422] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE ROBIN F. GREEN, JUDGE |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

David Kelley-Lucas was convicted by a Benton County Circuit Court jury of one count of rape and one count of second-degree sexual assault. The victim was his ten-year-old daughter, minor child (MC). Kelley-Lucas was sentenced to twenty-five years' imprisonment for the rape conviction and twelve years' imprisonment for the second-degree sexual-assault conviction, with the sentences ordered to be served consecutively, for a total of thirty-seven years in the Arkansas Department of Correction. On appeal, Kelley-Lucas challenges the sufficiency of the evidence to support his convictions. We affirm.

At trial, MC testified that the sexual abuse took place at home during the Thanksgiving holiday break in 2019. MC lived in her father's home with him and her stepmother, Michelle Kelley-Lucas. Michelle was not present during this time because she

was at an inpatient mental-health facility after a suicide attempt that, according to her, was due, in part, to Kelley-Lucas's infidelity.

One evening during the break, MC and Kelley-Lucas were home when Kelley-Lucas asked MC to "scratch his legs," which was a common request. At the time, Kelley-Lucas was wearing a shirt and his boxer shorts. MC scratched his legs for twenty or thirty minutes until he told her to take a shower, which she did. After showering, MC put on her pajama pants and a shirt, but Kelley-Lucas made her change into a nightgown. He told her to scratch his legs again, and after about ten minutes of doing so, told MC to sit between his legs because it would be easier for her to scratch his legs. MC did so and was sitting up between Kelley-Lucas's legs, but Kelley-Lucas told her to lie down with her head on his stomach so he could see the TV.

Kelley-Lucas then began to scratch MC while asking her where she wanted him to scratch. He then started to touch her "private"—which she identified at trial as her vagina—outside her underwear. Kelley-Lucas touched her vagina with his hand and moved his hand around for some time, then began to touch her vagina inside her underwear. She could feel Kelley-Lucas's fingers touching the inside of her vagina. She did not remember exactly how long this went on but recalled that "[i]t felt like a long time." He eventually stopped touching her vagina and told her to go to bed.

The next night, after dinner and her shower, Kelley-Lucas made MC change into a nightgown and lie in his lap, and then he touched her vagina inside her underwear. On the third night, Kelley-Lucas had MC scratch his legs after she took her shower, then he had her

lie between his legs again. He touched MC's vagina under her underwear for ten minutes. Kelley-Lucas later warned MC not to tell anybody about what had been going on at the house.

On February 19, 2020, MC told Michelle that Kelley-Lucas had been touching her, and Michelle called 911. MC was interviewed at the Children's Advocacy Center of Benton County. She told the interviewer that Kelley-Lucas would grab and rub her "front private" and that he tried to press the center of her private. She also said Kelley-Lucas tried to get her to watch pornography and, at times, would stick his hand in his underwear and play with his privates.

On appeal, Kelley-Lucas argues that sufficient evidence does not support his convictions for rape and second-degree sexual assault. Specifically, he asserts the State failed to prove penetration required for "deviant sexual behavior" under the rape statute or sexual contact under the sexual-assault statute.

In reviewing a sufficiency challenge, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.*

Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion.

3

*Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id.* Further, the credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Armstrong, supra.*

"A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age." Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2021). Deviate sexual activity means "any act of sexual gratification involving [t]he penetration, however, slight, of the anus or mouth of a person by the penis of another person; or [t]he penetration, however, slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person." Ark. Code Ann. § 5-14-101(1)(A) & (B) (Supp. 2021).

"A person commits sexual assault in the second degree if the person, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years of age and not the person's spouse." Ark. Code Ann. § 5-14-125(a)(3) (Supp. 2021). "Sexual contact" is defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female." Ark. Code Ann. § 5-14-101(12)(A).

A victim's uncorroborated testimony may constitute substantial evidence to sustain a conviction for rape or sexual assault, even when the victim is a child. *E.g., Jeffries v. State,*

4

2014 Ark. 239, at 4, 434 S.W.3d 889, 893 (rape); *see also, e.g.*, *Brown v. State*, 2010 Ark. 420, at 10, 378 S.W.3d 66, 72 (sexual assault).

Here, Kelley-Lucas argues that the evidence of his having penetrated MC was insufficient because MC's statements on the stand were "the only time her story included any penetrative aspects." Citing *Houston v. State*, 293 Ark. 492, 493, 739 S.W.2d 154, 155 (1987), and *Hamm v. State*, 214 Ark. 171, 173, 214 S.W.2d 917, 918 (1948), Kelley-Lucas maintains the State's burden was not met because the victim's testimony was not "positive and unequivocal." We find no merit in his argument.

MC testified that Kelley-Lucas made her scratch his legs, then he touched her vagina underneath her underwear with his hand on three consecutive nights. She said Kelley-Lucas touched her on the inside of her vagina with his hand on the first night, and she knew this because she could feel it. MC's testimony alone constitutes sufficient evidence that Kelley-Lucas committed rape and second-degree sexual assault. *Jeffries*, *supra*.

Further, we do not weigh the evidence presented at trial or assess the credibility of the witnesses because those are matters for the fact-finder. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Hall v. State*, 361 Ark. 379, 383, 206 S.W.3d 830, 833 (2005). We cannot assess the credibility of witnesses, nor will we overturn supreme court precedent. Substantial evidence was presented to the jury in the instant case to support Kelley-Lucas's convictions of rape and second-degree assault, and we affirm.

Affirmed.

GRUBER and BARRETT, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.