SLIP OPINION

Cite as 2016 Ark. 66

# SUPREME COURT OF ARKANSAS

No. CR-14-794

| | |
|---|---|
| DONALD D. DICKEY<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 18, 2016<br><br>APPEAL FROM THE IZARD COUNTY CIRCUIT COURT [NO. CR-2010-28]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br><u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Donald D. Dickey appeals from his convictions for first-degree murder and arson, for which he was sentenced to life imprisonment. Because appellant received a sentence of life imprisonment, our jurisdiction lies pursuant to Arkansas Supreme Court Rule 1-2(a)(2) (2015). Appellant makes the following arguments on appeal: that the trial court erred when it (1) denied his motion for directed verdict and allowed the jury to convict him of arson using only circumstantial evidence; (2) denied his motion for directed verdict and found there was substantial evidence to support the jury's verdict; and (3) allowed witnesses to testify as to statements made to them by the deceased about her fear of him and about his prior physical abuse of her. Appellant's arguments that the trial court erred by denying his motions for directed verdict are not preserved for review. His remaining point on appeal lacks merit. Accordingly, we affirm.

SLIP OPINION

In July 2010, the home that appellant had shared with his wife, Mary Dickey, prior to their separation and impending divorce was severely damaged in a fire. Mary Dickey's body was found in the burned remains of the home. The cause of the fire was never determined due to the extensive damage to the home. Appellant was arrested and charged with arson and first-degree murder in connection with the fire and the death of his wife. At trial, the State introduced a copy of an interview with police in which appellant stated he was at the home on the day of the fire. In the interview, appellant also gave details regarding what he did that day that were inconsistent with what other evidence showed. A couple testified that they saw appellant driving in a direction leading away from the home while, at the same time, they could see smoke from the fire in the distance. The State introduced a copy of a video from a convenience store showing appellant buying gasoline before the fire started. Some time after the fire started, appellant was seen at a dock washing his clothes in the lake. The State introduced evidence that the shirt and shoes he was wearing had gasoline on them and that one of his socks had Mary's blood on it. Although appellant told police that he had spilled gasoline on himself while buying gas, the State introduced evidence intended to show that this was not the case. The State also introduced testimony from a number of witnesses that appellant had been physically abusive toward Mary, that she was afraid of him, and that she thought he might kill her. The trial court denied appellant's pretrial motion in limine to exclude the testimony and overruled appellant's objections to the testimony at trial.

At the close of the State's evidence, appellant moved for a directed verdict on both counts, and the motion was denied. Appellant put on his case-in-chief, then moved for a

directed verdict a second time after he rested. The motion was denied again. The State then put on rebuttal testimony. Appellant did not renew his motion for a directed verdict after the State rested. The jury found appellant guilty of both first-degree murder and arson and sentenced him to life imprisonment. This appeal followed.

## I. *Sufficiency of the Evidence*

Appellant raises two points on appeal in which he argues that the trial court erred in denying his motions for directed verdict. Appellant's arguments on these two points are not preserved for review. This court has consistently held that Arkansas Rule of Criminal Procedure 33.1 requires that an appellant move for a directed verdict at the close of the State's evidence and again at the close of all of the evidence, and that the failure to do so waives a challenge to the sufficiency of the evidence on appeal. *See, e.g.*, *Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553; *Flowers v. State*, 362 Ark. 193, 202, 208 S.W.3d 113, 121 (2005); *Romes v. State*, 356 Ark. 26, 144 S.W.3d 750 (2004); *Doss v. State*, 351 Ark. 667, 97 S.W.3d 413 (2003); *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000). In *King v. State*, 338 Ark. 591, 999 S.W.2d 183 (1999), we specifically held that the failure to renew a motion for directed verdict after the close of the State's rebuttal testimony waived the issue of sufficiency of the evidence. *Accord Christian v. State*, 318 Ark. 813, 889 S.W.2d 717 (1994). Appellant admits that he failed to renew the motion at the close of the State's rebuttal testimony and asks this court to overlook that omission because the error was "harmless." However, we have held that this renewal is more than a matter of mere form; it goes to the substance of the evidence arrayed against the criminal defendant. *Cathey v. State*, 351 Ark. 464, 95 S.W.3d 753 (2003); *Willis*

*v. State*, 334 Ark. 412, 977 S.W.2d 890 (1998).  Based on his failure to properly renew the motion for directed verdict, we hold that appellant's challenges to the sufficiency of the evidence are not preserved for review on appeal.

## II. *Hearsay*

Appellant's remaining point on appeal is that the trial court erred by allowing witnesses to testify as to statements made to them by the deceased about her fear of him and his prior physical abuse of her.  We review evidentiary rulings under an abuse-of-discretion standard, and we do not reverse absent a manifest abuse of that discretion and a showing of prejudice. *Mendez v. State*, 2011 Ark. 536.

The trial court did not err in allowing the testimony.  Rule 803(3) of the Arkansas Rules of Evidence (2015) contains a hearsay exception for a statement of the declarant's then existing mental, emotional, or physical condition.  We have expressly held that a statement of fear of a defendant by the victim falls within the exception contained in Rule 803(3). *Wedgeworth v. State*, 2012 Ark. 63; *MacKool v. State*, 365 Ark. 416, 231 S.W.3d 676 (2006). Appellant argues that Mary's state of mind was not relevant to the issue of whether the fire was intentionally started and was therefore inadmissible.  Appellant never raised this argument before the trial court.[1]  We will not consider an argument raised for the first time on appeal.

---

[1]Appellant made general relevancy arguments in his motion in limine and supporting brief in which he maintained that there was no relevant purpose for which the evidence could be admitted and that the State sought to introduce the evidence to show that appellant was "a dangerous individual who probably did the crime."  He did not, however, argue, as he does now on appeal, that the statements were not relevant to the issue of whether the fire was intentionally started.  The failure to raise this specific argument below precludes review of the

SLIP OPINION

*Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998).

### III. *Confrontation Clause*

Appellant also contends that the admission of the testimony violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. He is mistaken. The State successfully argued before the trial court that the statements made by Mary to her friends were nontestimonial. Nontestimonial hearsay is not subject to the Confrontation Clause. *Davis v. Washington*, 547 U.S. 813 (2006). In *Seely v. State*, 373 Ark. 141, 151, 282 S.W.3d 778, 786 (2008), citing *Davis*, we explained that

> *Davis* . . . announce[d] a "primary-purpose test" that can be modified for use outside the context of police interrogations: statements are testimonial when 'the circumstances objectively indicate that . . . the primary purpose' of the statement 'is to establish or prove past events potentially relevant to later criminal prosecution.' *Id.* at 822, 126 S. Ct. 2266. Moreover, there are indications that the Court intends the focus to be on the primary purpose of the person making the statement, rather than the primary purpose of the listener or questioner. *See id.* at 825, 126 S. Ct. 2266 (noting that "statements made unwittingly to a Government informant" are "clearly nontestimonial"); *Id.* at n. 1 ("[I]t is in the final analysis the declarant's statements, not the interrogator's questions, that the Confrontation Clause requires us to evaluate.")

Here, Mary made statements to friends and acquaintances that she was afraid of appellant and that he had hit her. The circumstances in this case objectively indicate that the primary purpose of the statements was not to establish or prove past events potentially relevant to later criminal prosecution. We hold that the statements were nontestimonial and are not subject to the Confrontation Clause. The trial court's rulings regarding the disputed

argument on appeal.

testimony are affirmed.

The record has been reviewed for prejudicial error pursuant to Arkansas Supreme Court Rule 4–3(i), and none has been found.

Affirmed.

*Larry R. Froelich*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.