Cite as 2021 Ark. 35

# SUPREME COURT OF ARKANSAS

No. CR-19-471

| | |
|---|---|
| | **Opinion Delivered:** March 4, 2021 |
| JESSE Q. COLLINS, JR.<br><br>APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-17-134] |
| V. | HONORABLE EDDY R. EASLEY, JUDGE |
| STATE OF ARKANSAS<br><br>APPELLEE | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Jesse Q. Collins, Jr., appeals an order of the Hot Spring County Circuit Court convicting him of first-degree murder, attempted first-degree murder, aggravated assault, and sentencing enhancements for using a firearm in the commission of the first-degree murder and attempted first-degree murder, and committing first-degree murder in the presence of a child. He was sentenced as a habitual offender to two terms of life imprisonment plus an additional fifty-five years to be served consecutively. For reversal, Collins argues that the State failed to present substantial evidence of the requisite mental state for first-degree murder and attempted first-degree murder. We affirm.

## I. *Facts*

Jessica Gilbert testified at trial that on the afternoon of April 16, 2017, she, her boyfriend, Bobby Moore, and their three children grilled at Collins's house with Collins and his wife, Beverly. Gilbert testified that Collins was still angry about a previous altercation

with his neighbors and, throughout the night, he consumed more alcohol and got angrier. At some point that evening, Collins grabbed a small handgun from inside the house. Moore grabbed Collins and talked him out of approaching the neighbor's house with it. Moore and Collins then went inside Collins's house together and put the handgun away. Gilbert and Moore finally decided it was time for them to leave. They began loading the children into their vehicle. Collins's two stepsons and their friend wanted to leave with Gilbert and Moore, but Collins did not want the boys to go.

As Moore was leaving, he and Collins began arguing, and Collins pushed Moore. The two started fighting, and Collins attempted to go into the house, saying that he was going to get his gun. Moore pulled Collins back, saying "Please don't go get the gun. Don't go get it." Collins went inside the house and returned with a rifle. Collins approached Gilbert and her three-year-old daughter at "really close range." Gilbert pleaded with Collins to put the gun away. Moore then approached Gilbert's side, and Collins shot him several times. Gilbert testified that he was "holding [the rifle] and aiming. . . . [W]e was so close, I mean, there was nothing else he was shooting at." Moore fell straight back into the road. Gilbert testified that "[r]ight after [Collins] shot [Moore], he pointed the gun at me and he shot at me." The bullet barely grazed her ear and hair. Collins then walked back toward his house, stood at the top of the steps, looked back, and said, "It is what it is. . . . I'll go to jail." He then said, "Oh, well," and walked inside the house. Gilbert remembered that she screamed for help, and it took six or seven people to load Moore into her vehicle. Gilbert drove Moore to the hospital where he was pronounced dead. Gilbert testified that Moore did not have a gun with him

that night and also did not have a gun in the car. Several other witnesses testified that they were outside the adjacent house when the shootings occurred, and they never saw Moore in possession of a weapon that night.

Malvern Police Lieutenant Doroteo Delacruz testified that he conducted an interview with Collins the day after Moore was killed. Delacruz testified that Collins waived his *Miranda* rights and began discussing the barbecue at his house. Collins told Delacruz that all the parties had been drinking, and at some point that evening, Moore struck him and pulled out a gun. Collins then went inside, grabbed a .22-caliber rifle, and returned. Collins pointed the gun at Moore and told him to get off his property. According to Collins, Moore told him that he was going to shoot him, pointed a gun at him, and Collins was afraid for his life. Collins admitted firing his gun at Moore approximately three times from five or six feet away but claimed that he was not aiming his gun at Moore. Collins stated that he went inside and that he did not know Moore had been hit until the following day. Delacruz testified that he interviewed eight additional witnesses, and no other witness reported that Moore had any weapon.

The medical examiner testified that Moore died from multiple gunshot wounds and that two of Moore's four entry wounds had rings of soot. The soot indicated that those shots were fired at very close range.

A Hot Spring County jury found Collins guilty of the first-degree murder of Bobby Moore, the attempted first-degree murder of Jessica Gilbert, and the aggravated assault of their three-year-old daughter, and imposed sentencing enhancements for use of a firearm in

3

the commission of first-degree murder and attempted first-degree murder, and for committing first-degree murder in the presence of a child. He was sentenced as a habitual offender to two consecutive terms of life imprisonment plus an additional fifty-five years. Collins now appeals.

II. *Points on Appeal*

For reversal, Collins challenges the sufficiency of the evidence supporting his first-degree-murder and attempted first-degree-murder convictions.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Price v. State*, 2019 Ark. 323, at 4, 588 S.W.3d 1, 4. We affirm a conviction if substantial evidence exists to support it. *Id.*, 588 S.W.3d at 4. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.*, 588 S.W.3d at 4.

Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Howard v. State*, 2016 Ark. 434, at 12, 506 S.W.3d 843, 850. Whether the evidence excludes every other hypothesis is for the jury to decide. *Id.*, 506 S.W.3d at 850. The credibility of the witnesses is an issue for the jury and not this court. *Id.*, 506 S.W.3d at 850. A jury is not required to believe all or any part of a defendant's or witness's statement and is entitled to draw upon common sense and experience in reaching its verdict. *Price*, 2019 Ark. 323, at 6, 588 S.W.3d at 5.

A. First-Degree Murder of Bobby Moore

Collins first argues that the State failed to present substantial evidence of the requisite mental state to support his first-degree-murder conviction. "A person commits murder in the first degree if . . . with the purpose of causing the death of another person, the person causes the death of another person[.]" Ark. Code Ann. § 5-10-102(a)(2) (Supp. 2017). "A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result[.]" Ark. Code Ann. § 5-2-202(1) (Repl. 2013).

This court has held that the purpose to commit a crime can be formed in an instant. *Armstrong v. State*, 2020 Ark. 309, at 6, 607 S.W.3d 491, 497. Intent is seldom capable of proof by direct evidence and must usually be inferred from the circumstances surrounding the killing. *Id.*, 607 S.W.3d at 497. The intent necessary for first-degree murder may be inferred from the type of weapon used, the manner of its use, and the nature, extent, and location of the wounds. *Id.*, 607 S.W.3d at 497.

Here, the State presented substantial evidence that Collins acted purposely in killing Bobby Moore. Collins shot Moore multiple times at very close range after Moore had attempted to keep Collins from going inside to retrieve a weapon. Although Collins claimed that he was not aiming his rifle directly at Moore, Gilbert testified to the contrary.

In support of his argument that he lacked the purposeful intent to kill Moore, Collins claims that his consumption of alcohol may have affected his perception. He also claims that he thought Moore had a gun and refers to trial testimony from his stepsons, Joshua Scott

5

and Caleb Scott, who testified that Moore had threatened Collins before he started shooting at Moore. We are unpersuaded by either of Collins's arguments. First, voluntary intoxication does not negate criminal intent. *See* Ark. Code Ann. § 5-2-207 (Repl. 2013); *Hayes v. State*, 2020 Ark. 297, at 14. Second, Collins's claims that Moore had threatened him and that he thought Moore had a weapon were controverted by the evidence presented by the State on those issues.

We have stated that it is for the jury, not this court, to determine credibility and to resolve inconsistent evidence. *Williams v. State*, 2015 Ark. 316, at 10, 468 S.W.3d 776, 781. The jury was entitled to believe the State's account of the facts over Collins's. *Id.*, 468 S.W.3d at 781. Viewing the evidence in the light most favorable to the State and deferring to the jury's findings on the witnesses' credibility, the jury could reasonably have inferred that Collins purposely killed Moore. Thus, we hold that substantial evidence supports Collins's first-degree-murder conviction.

### B. Attempted First-Degree Murder of Jessica Gilbert

Collins next argues that the State failed to present substantial evidence that he acted purposely with respect to his conviction for the attempted first-degree murder of Gilbert. Collins again argues that his perception was affected by his intoxication. He also claims that "[i]t is also possible that [he] did not intend to fire the rifle at Jessica Gilbert. Only one shot was fired in [her] direction[.]"

"When causing a particular result is an element of the offense, a person commits the offense of criminal attempt if, acting with the kind of culpable mental state otherwise

required for the commission of the offense, the person purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause the particular result." Ark. Code Ann. § 5-3-201(b) (Repl. 2013). "Conduct is not a substantial step . . . unless the conduct is strongly corroborative of the person's criminal purpose." Ark. Code Ann. § 5-3-201(c) (Repl. 2013).

Here, substantial evidence supports Collins's conviction for attempted first-degree murder. Again, voluntary intoxication does not negate criminal intent. *See* Ark. Code Ann. § 5-2-207. Additionally, Gilbert testified that after Collins shot Moore multiple times at close range, he pointed the gun at her and shot at her, and the bullet barely grazed her hair and ear. From these facts, the jury could reasonably infer that Collins purposely engaged in conduct that was a substantial step in the course of conduct intended to culminate in the commission of murder in the first degree. Thus, we hold that substantial evidence supports Collins's conviction for the attempted first-degree murder of Gilbert.

III. *Rule 4-3(a)*

Because Collins received a sentence of life imprisonment, this court, in compliance with Arkansas Supreme Court Rule 4-3(a), has examined the record for all objections, motions, and requests made by either party that were decided adversely to Collins. No prejudicial error has been found.

Affirmed.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.

7