Cite as 2023 Ark. 138

# SUPREME COURT OF ARKANSAS

No. CR-22-821

|  |  |
|---|---|
| | **Opinion Delivered:** October 12, 2023 |
| KEITH JEFFERY WOFFORD<br>APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-21-12] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE TROY B. BRASWELL, JR., JUDGE |
| | <u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Keith Wofford appeals his capital murder conviction and life-imprisonment sentence. He asserts that the State failed to present sufficient evidence of the requisite culpable mental state due to his use of the prescription drug Wellbutrin and the absence of attempts to conceal the crime. We hold that substantial evidence supports Wofford's capital-murder conviction. The conviction is affirmed.

## I. *Factual Background*

On December 26, 2020, Keith Wofford murdered his ex-wife, Amber Cooksey, by stabbing her forty-five times with a kitchen knife in her head, neck, chest, and hands. Afterward, he left her deceased body on the bedroom floor while attending to personal tasks such as showering, putting on fresh clothes, and contacting his mother.

Following these events, Wofford called 911, reporting his responsibility for Cooksey's death. He alleged that Cooksey had connections to certain illicit activities, including prostitution, and had affiliations with unnamed individuals who purportedly

engaged in electronic hacking of his devices and financial theft. Wofford asserted that his actions were influenced by involuntary intoxication due to his use of the prescription medication Wellbutrin. The jury heard this defense and found it uncompelling and convicted Wofford of capital murder, and subsequently sentenced him to life imprisonment.

At the time of the murder, Wofford and Cooksey had been divorced for several years and shared three children. On the morning of the murder, Cooksey purchased groceries and spoke on the phone with Wofford. Later in the day, she made her way to Wofford's residence, where he killed her. Upon the arrival of law enforcement in response to Wofford's 911 call, Cooksey's groceries were found undisturbed in her car, which was parked in Wofford's driveway. It was observed that a pork loin she had acquired was still cool to the touch, indicating its recent purchase.

The crime-scene analysis revealed Cooksey's deceased body in the master bedroom of Wofford's home. She had forty-five stab wounds, including six that were identified on her head, accompanied by an additional twelve stab wounds on her neck, all of which were inflicted while she was alive. Notably, two of the neck wounds were of such a substantial nature that they severed her right carotid artery and jugular vein, resulting in a limited window of consciousness for Cooksey after their infliction. These wounds were characterized by a downward stabbing motion, indicating that Wofford was above or on top of her. Among the remaining injuries were seven stab wounds to Cooksey's torso and an additional fifteen wounds to her hands. The cause of death was attributed to blood loss resulting from the injuries to her carotid artery and jugular vein.

Wofford acknowledged that he and Cooksey had argued before the violent act took place. However, he asserted that he had no memory of committing the murder. After the

2

incident, he recalled reaching out to his mother, showering, and changing clothes. Despite these recollections, he claimed that details of his 911 call remained hazy. Throughout the trial, Wofford admitted to his role in Cooksey's death while invoking an affirmative defense centered on involuntary intoxication due to his Wellbutrin usage. His prescription included an initial daily dosage of 150 milligrams, which was later increased to 300 milligrams after discussing his persistent depression with a physician assistant. Wofford acknowledged voluntarily exceeding the prescribed dosage at times, including on the day prior to the murder.

Additional evidence was presented to highlight his unconventional behavior leading up to the murder. This included a previous encounter with law enforcement, his recent job termination on the grounds of hacking claims, and his 911 call implicating Cooksey in illicit activities. The state of the crime scene indicated signs of disturbance, with electronic items disassembled in the living room and evidence of damage in the bathroom area.

The weeks preceding the murder were marked by observations from Wofford's therapist and his divorce attorney, who both noted his unusual conduct. A pharmacist, serving as an expert witness for the defense, testified about the potential of Wellbutrin to induce paranoid and homicidal thoughts in rare instances. However, the lack of specific information regarding Wofford's prescription and usage limited her assessment.

In this appeal, Wofford maintains his assertion that the State failed to present sufficient evidence of the requisite culpable mental state due to his Wellbutrin use and the absence of attempts to conceal the crime. This claim has persisted from the initial trial proceedings to his current legal stance.

## II. *Analysis*

Wofford's sole point on appeal is that the trial court erred in denying his motion for a directed verdict because there was insufficient evidence to convict him of capital murder. When considering a challenge to the sufficiency of the evidence, this court will view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Collins v. State*, 2021 Ark. 35, at 4, 617 S.W.3d 701, 704. We will affirm a conviction if there is substantial evidence to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* The jury, rather than this court, is responsible for resolving questions concerning the credibility of witnesses. *Id.* In resolving conflicting testimony and inconsistent evidence, the jury is entitled to choose to believe the State's account of the facts rather than the defendant's version. *Dunn v. State*, 371 Ark. 140, 147, 264 S.W.3d 504, 508 (2007).

Wofford attempted to raise the affirmative defense of involuntary intoxication to the murder. The jury, responsible for resolving questions concerning his credibility, chose to accept the State's presentation of the case rather than Wofford's.[1] We cannot second-guess the jury's assessments on appeal, and their decision not to accept Wofford's argument was within their properly informed discretion. Since the jury adequately heard and subsequently rejected the affirmative-defense argument, what is left is for us to evaluate whether

---

[1]Despite the presentation of evidence regarding Wofford's prescribed use of Wellbutrin, the associated concerns, his postmurder behavior, and his assertion of involuntary intoxication, the jury still determined that he possessed the necessary intent, which was within the scope of its responsibility to decide.

substantial evidence supports Wofford's conviction. We conclude that substantial evidence supports Wofford's conviction.

Wofford inflicted forty-five stab wounds on Cooksey, targeting her face, neck, chest, and hands. Twelve of the knife wounds to her neck occurred while she was still alive, and her right carotid artery and jugular vein were severed completely on two separate occasions. Six of the wounds were to her head and seven to her chest. Wofford's actions, when considered together, present compelling evidence of premeditation and deliberation, contradicting his claims to the contrary. *See* Ark. Code Ann. § 5-10-101(a)(4) ("A defendant commits capital murder if, with a premeditated and deliberated purpose of causing another person's death, the defendant causes the death of any person."); *Fudge v. State*, 341 Ark. 759, 768, 20 S.W.3d 315, 320 (2000) ("The act of stabbing someone a dozen times indicates some degree of intent beyond not caring whether that person lives or dies; it shows a kind or level of purpose that rises to premeditation and deliberation.")

Therefore, since substantial evidence supports Wofford's capital-murder conviction and we find no issue with the jury's rejection of his affirmative-defense argument, we affirm the conviction.

III. *Rule 4-3(a) Review*

Wofford received a sentence of life imprisonment, so the record has been reviewed for all errors prejudicial to him, as required by Arkansas Supreme Court Rule 4-3(a). No reversible error was found.

Affirmed.

WOOD, J., concurs without opinion.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.
*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

5