Cite as 2024 Ark. App. 151

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-113

|  |  |  |
|---|---|---|
|  |  | Opinion Delivered February 28, 2024 |
| ANGELA DOWNING | APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-22-11] |
| V. |  |  |
|  |  | HONORABLE JERRY DON RAMEY, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; REMANDED TO CORRECT THE SENTENCING ORDER |

**KENNETH S. HIXSON, Judge**

Appellant Angela Downing appeals after she was convicted by a Conway County Circuit Court jury of possession of methamphetamine with purpose to deliver more than 10 grams but less than 200 grams and possession of drug paraphernalia. She was sentenced as a habitual offender to serve an aggregate of six hundred months' incarceration. On appeal, appellant challenges the sufficiency of her convictions. We affirm appellant's convictions but remand for the limited purpose of correcting the sentencing order.

I. *Relevant Facts*

Appellant was charged by amended criminal information with possession of methamphetamine or cocaine with purpose to deliver more than 10 grams but less than 200 grams, a Class A felony, in violation of Arkansas Code Annotated section 5-64-420(b)(3);

and possession of drug paraphernalia, a Class D felony, in violation of Arkansas Code Annotated section 5-64-443(a)(2). The State further stated that appellant's sentence should be enhanced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501. A jury trial was held on July 20, 2022, and the following evidence was presented.

On July 15, 2021, Officers Josh Baker and Nate Watkins went to 44 Crows Loop in Morrilton, Arkansas, to conduct a search of appellant's residence. Officer Baker testified that he knew appellant from past encounters. At that time, she was on probation. At the residence, they found appellant in her shop on the property that appellant used for her furniture business. Officer Baker testified that the shop door was open and that he announced himself as soon as he stepped inside the door. He explained he saw appellant and another gentleman sitting on the couch on the far side of the building. Officer Baker testified that after she made eye contact with him, he saw appellant holding something that she then stuffed in between the cushions of the couch she was sitting on. When he later searched the couch, he found a "black zippered bag" containing plastic baggies with a "white crystalline substance" inside, a coffee filter containing a white crystalline substance, two syringes, unused plastic baggies, a compact digital scale, and a spoon with residue. Officer Baker also found a pipe with residue under a towel on the couch, and on a nearby dresser, he found a package of unused baggies. The crystalline substances field-tested as methamphetamine and were subsequently sent to the Arkansas State Crime Laboratory.

Kim Brown, a forensic chemist with the state crime lab, testified that she tested 26.3944 grams of the crystalline substance and confirmed that it was methamphetamine. She admitted that she did not test the remaining 23 grams that was also found.

Officer Watkins's testimony at trial repeated much of the same testimony as Officer Baker. He also testified that based on his training and experience, the amount of suspected methamphetamine that was found was not indicative of personal use but suggested that appellant was selling narcotics. On cross-examination, Officer Watkins admitted that appellant had worked as a confidential informant in the past.

When the State rested its case, appellant, through counsel, moved for a directed verdict, which the circuit court denied.

Appellant testified on her own behalf. She denied living at the 44 Crows Loop address but instead claimed that it was her boyfriend's address. She also denied that she was sitting on the couch when Officers Baker and Watkins entered the shop. She further denied that any of the contraband found was hers. She explained that the furniture she refurbished came from the apartments of people who had been evicted and had abandoned it. Therefore, she stated that she did not know what was in the furniture when she received it.

After the defense rested, the State called Chelsea Slectha with the Morrilton Probation and Parole Office as a rebuttal witness. Ms. Slectha testified that she was appellant's probation officer and that in "April or May of 2021," appellant changed her registered address to 44 Crows Loop in Morrilton. She further testified that she had done a home visit at that address.

Appellant did not renew her motion for directed verdict at the close of all the evidence. The jury found appellant guilty of both charges and recommended that she be sentenced as a habitual offender to serve forty years' imprisonment for possession of methamphetamine with purpose to deliver and ten years' imprisonment for possession of drug paraphernalia to be served consecutively, which the circuit court imposed. This appeal followed.

## II. *Standard of Review*

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. In reviewing a sufficiency challenge, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id.* Further, the credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Armstrong, supra*.

4

This court has noted that a criminal defendant's intent or state of mind is seldom apparent. *Benton v. State*, 2020 Ark. App. 223, 599 S.W.3d 353. One's intent or purpose, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. *Id.* Because intent cannot be proved by direct evidence, the fact-finder is allowed to draw on common knowledge and experience to infer it from the circumstances. *Id.* Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Id.*

### III. *Sufficiency of the Evidence*

Appellant contends that her convictions must be reversed and dismissed because the State failed to introduce sufficient evidence that "she actually or constructively possessed the methamphetamine or pipe that was located on the couch." However, the State responds that appellant's challenge is not preserved for review on appeal, and we must agree.

Arkansas Rule of Criminal Procedure 33.1 requires that an appellant move for a directed verdict at the close of the State's evidence and again at the close of all the evidence, and that the failure to do so waives a challenge to the sufficiency of the evidence on appeal. *See Dickey v. State*, 2016 Ark. 66, 483 S.W.3d 287; *Flowers v. State*, 362 Ark. 193, 208 S.W.3d 113 (2005). In *Dickey*, the supreme court specifically held that the failure to renew a motion for directed verdict after the close of the State's rebuttal testimony waived the issue of sufficiency of the evidence. *Id.* Our supreme court further explained that a renewal is more than a matter of mere form; it goes to the substance of the evidence arrayed against the

5

criminal defendant.  *Id.*  Here, although the appellant initially made her motion for a directed verdict, she failed to renew her motion after the close of the State's rebuttal testimony.  Thus, appellant failed to preserve her challenge to the sufficiency of the evidence for appellate review, and we must summarily affirm.

IV.  *Sentencing Order*

Finally, we note that there is a clerical error in the sentencing order.  Appellant was charged as a habitual offender; appellant's prior convictions were introduced at the sentencing hearing; and the jury sentenced appellant as a habitual offender.  However, the box that would indicate that appellant was sentenced as a habitual offender is not checked on the sentencing order.  The circuit court is free to correct a clerical error to have the judgment speak the truth.  *Carter v. State*, 2019 Ark. App. 57, 568 S.W.3d 788.  Thus, we affirm appellant's convictions but remand to the circuit court with instructions to correct the sentencing order.

Affirmed; remanded to correct the sentencing order.

KLAPPENBACH and BROWN, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.

6