Cite as 2024 Ark. 81

# SUPREME COURT OF ARKANSAS

No. CR–23–745

| | |
|---|---|
| MAURICE RICHARDSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered**: May 9, 2024<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. 66FCR–22–913]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED. |

**BARBARA W. WEBB, Justice**

Appellant Maurice Richardson was convicted of second-degree murder, rape, and abuse of a corpse and was sentenced as a habitual offender to sixty years' imprisonment, life imprisonment, and thirty years' imprisonment, respectively. On appeal, he argues insufficient evidence supports his convictions for murder and rape. We affirm.

## I. *Background*

On August 10, 2022, the body of Tonia Tran was found wrapped in a bedspread on the side of the road in Altus. Tran had been suffocated to death. There were also indicia that she had been severely beaten and had sustained vaginal injuries.

A subsequent police investigation revealed that Richardson had been in a relationship with Tran. A search warrant was executed on the duplex Richardson shared with Tran. In the master bedroom, police found a broken dresser and blood splatter on the floor. There was also a new mattress and bedspread. And officers found pillow shams that matched the

bedspread wrapped around Tran's body. Forensic testing showed that it was Tran's blood that was on the floor in the bedroom. Tran's car was parked outside the duplex. Her blood was found in the trunk.

Police then executed a search warrant on a house that Richardson had been renovating. Inside the house, officers found Tran's personal effects, along with a bloody mattress, which tested positive for Tran's blood. Richardson's nephew had helped him move the mattress into the house in the days after Tran's body was discovered. Additionally, a cigarette butt containing Richardson's DNA was found near Tran's body.

During an interview with police, Richardson initially denied his relationship with Tran. He eventually admitted they had recently had sex and lived together but denied involvement in the murder. Richardson was unable to explain why Tran was found wrapped in a bedspread from his duplex.

Richardson was charged with first-degree murder, rape, and abuse of a corpse. At trial, Richardson moved for a directed verdict on all charges. For first-degree murder, he argued that there was insufficient evidence that he caused Tran's death. As to rape, Richardson asserted that the State had failed to present evidence that Tran was alive during the deviate sexual activity or that it was done for the purposes of sexual gratification. And on the abuse-of-a-corpse charge, Richardson argued there had been no evidence presented that he "knowingly physically mistreat[ed] or conceal[ed] a corpse in a manner offensive to a person of reasonable sensitivity." The circuit court denied the motions.

The jury convicted Richardson of second-degree murder, rape, and abuse of a corpse. He was sentenced as a habitual offender to sixty years' imprisonment, life

imprisonment, and thirty years' imprisonment, respectively. Richardson now argues on appeal that insufficient evidence supports his murder and rape convictions.

## II.  *Discussion*

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and consider only evidence that supports the verdict. *Wallace v. State*, 2023 Ark. 7, 659 S.W.3d 267. We will affirm a conviction if substantial evidence exists to support it. *Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* We do not weigh the evidence presented at trial or assess the credibility of the witnesses because those are matters for the fact-finder. *Halliburton v. State*, 2020 Ark. 101, 594 S.W.3d 856. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* Further, circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.*

## A.  Second-Degree Murder

Richardson first challenges the sufficiency of the evidence supporting his second-degree murder-conviction. Specifically, he argues that the State failed to present evidence directly linking him to the crime, such as eyewitness testimony, DNA evidence, a murder weapon, or a confession. The State, on the other hand, asserts that this argument is

unpreserved because Richardson's directed-verdict motions did not include the lesser-included offense of second-degree murder.

To preserve challenges to the sufficiency of the evidence supporting convictions for lesser-included offenses, defendants are required to address the lesser-included offenses either by name or by apprising the circuit court of the elements of the lesser-included offenses questioned by their motions for directed verdict. *E.g.*, *Haynes v. State*, 346 Ark. 388, 391, 58 S.W.3d 336, 339 (2001). In other words, a defendant must make a specific motion for a directed verdict that informs the circuit court of the exact element of the crime that the State failed to prove. *Grady v. State*, 350 Ark. 160, 166, 85 S.W.3d 531, 533 (2002); Ark. R. Crim. P. 33.1. The reason for this requirement is that when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion or, if justice requires, allow the State to reopen its case and supply the missing proof. *Pearcy v. State*, 2010 Ark. 454, at 5, 375 S.W.3d 622, 625.

Richardson made the following directed-verdict motion:

> Your Honor, however, I do move for a directed verdict as to the charge of murder in the first degree. I do not—I would certainly agree that a murder occurred, that the—and there's not sufficient evidence regarding the charge of murder in the element that this defendant caused the death of Tonia Tran, that if it were to go forward at this point, that it would be a matter of speculation for the jury and that there's not enough evidence to carry it forward past a directed verdict.

Richardson again moved for a directed verdict at the close of his own case, asserting that

> although there's been evidence of a murder and evidence even of a cigarette butt with DNA near the body, that there's not been reasonable explanations as to how that got there, and that this—there's really no other evidence to go forward with regarding this defendant causing the death of Tonia Tran even though, again, she was murdered.

4

A review of Richardson's directed-verdict motion demonstrates that he informed the circuit court of an essential element of second-degree murder—identity. *See Finley v. State*, 2019 Ark. 336, at 4, 587 S.W.3d 223, 227 ("[T]he State must prove that the person standing as the defendant is the one whom the indictment or information accuses and to whom the evidence relates[.]"). We therefore find that Richardson adequately preserved a challenge to the lesser-included offense of first-degree murder.

We now turn to the merits of Richardson's challenge to his second-degree-murder conviction. A person commits second-degree murder if he knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life; or, with the purpose of causing serious physical injury to another person, the person causes the death of any person. Ark. Code Ann. § 5-10-103(a)(1)–(2) (Repl. 2013). A person acts knowingly with respect to "[a] result of the person's conduct when he or she is aware that it is practically certain that his or her conduct will cause the result." Ark. Code Ann. § 5-2-202(2)(B) (Repl. 2013).

In challenging the sufficiency of the evidence supporting his murder conviction, Richardson contends that the State failed to show that he is the person who killed Tran. Contrary to Richardson's assertion, substantial evidence connected him to the murder. Richardson's DNA was obtained from a cigarette butt found near Tran's body. Her body was wrapped in bedding that matched pillow shams found at Richardson's home, and her blood was on his bedroom floor. Tran's blood was also found in the trunk of her van, which was parked outside Richardson's duplex.

5

In addition, there was evidence that Richardson attempted to conceal Tran's murder. He moved a mattress stained with Tran's blood, along with her belongings, out of their duplex and into a house he had been renovating. We have held that efforts to conceal a crime and evade detection can be considered evidence of consciousness of guilt. *McClendon v. State*, 2019 Ark. 88, 570 S.W.3d 450. Richardson then bought a new mattress and bedding and moved his fiancée into the duplex he had shared with Tran. He also lied to police about his relationship with Tran. Considering the foregoing facts and circumstances, substantial evidence supports Richardson's conviction for second-degree murder.

## B. Rape

Next, Richardson asserts that insufficient evidence supports his rape conviction because the State did not provide direct evidence, such as victim testimony or DNA evidence, showing that he committed the offense. The State contends this argument is unpreserved.

At trial, Richardson contested the sexual-gratification element of rape and also argued that the State failed to present evidence that Tran was alive when she was assaulted. These arguments differ from his present claim regarding the lack of direct evidence tying him to the crime. An appellant is precluded from making an argument on appeal that was not brought to the attention of the circuit court. *Green v. State*, 365 Ark. 478, 231 S.W.3d 638 (2006). Because Richardson did not argue identity below, it cannot be raised on appeal.

## III. *Rule 4-3(a) Review*

In compliance with Arkansas Supreme Court Rule 4-3(a), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Richardson. No prejudicial error has been found.

Affirmed.

*Dusti Standridge, Attorney at Law*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.