Cite as 2026 Ark. App. 94

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-25-256

| | | |
|---|---|---|
| RANDY CURTIS | | Opinion Delivered February 11, 2026 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-23-257] |
| V. | | |
| | | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; REMANDED TO CORRECT THE SENTENCING ORDER |

**KENNETH S. HIXSON, Judge**

Appellant Randy Curtis appeals after he was convicted by a Hot Spring County Circuit Court jury of failure to comply with sex-offender registration and reporting requirements. He was sentenced as a habitual offender to serve 240 months' incarceration. On appeal, appellant argues that the circuit court erred in denying his motion for directed verdict. We affirm appellant's conviction but remand for the limited purpose of correcting the sentencing order.

I. *Relevant Facts*

Appellant was charged by felony information with failure to comply with sex-offender registration and reporting requirements, a Class C felony, in violation of Arkansas Code Annotated section 12-12-904 (Supp. 2023). The State further stated that appellant's

sentence should be enhanced because he is a habitual offender pursuant to Arkansas Code Annotated section 5-4-501 (Repl. 2024). A jury trial was held on December 12, 2024.

During opening arguments, the State told the jury it intended to prove that appellant had failed to register a vehicle he had access to and had failed to report that he had moved from a trailer to a different structure on an adjacent lot with a different address as required. Defense counsel told the jury that the case was not as simple as the State suggested and asked the jury to listen to the evidence and "come back with a reasonable verdict."

Candy Perry, the chief deputy for the Hot Spring County Assessor's Office, testified that the office had personal-property records for appellant and his wife, Theresa Curtis, from 2023. According to the records, the couple had assessed and listed the following personal property for that year: a "2005 Ford Taurus, a 2015 Ford F150 2-wheel drive pickup, a 1990 aluminum boat 14 foot long, a 1980 boat trailer 16 foot long, [and] a 1973 Johnson boat motor." In addition to personal property, Ms. Perry testified that appellant and Mrs. Curtis owned multiple lots, specifically lots 40, 41, and 57 in an unrecorded subdivision and had assessed for a residential building on that land. Although she explained that 9-1-1 had designated two addresses in the subdivision as being on Ridgefield Court instead of Ranger Drive, she said that the "stick built structure" on lot 57 of appellant's land "is being assessed for 316 Ranger Drive."

Detective Glen Pye with the Hot Spring County Sheriff's Department testified that he was aware that appellant and Mrs. Curtis had purchased "multiple lots off Ridge Road." He stated that he visited 316 Ranger Drive on March 10, 2023. He said that, at that time,

there was an older mobile home at the address, but he knew that the mobile home was removed sometime after August 31, 2023. At the time of his March 2023 visit, appellant and Mrs. Curtis were inside the mobile home, and a white Ford pickup truck and a black Ford Taurus was parked outside.

Detective Pye testified that he visited the property a second time on August 31, 2023. On that day, Mrs. Curtis was at the mobile home, but appellant was not. Detective Pye found appellant inside another structure, "like a log cabin," located approximately 150 to 200 yards east of the mobile home. When appellant came out, appellant spontaneously told Detective Pye that he lived in that "stick built structure." Detective Pye said that the same white Ford pickup truck that he saw in March 2023 was parked outside the structure.

Lieutenant Jerry Norwood, a sex-offender coordinator/investigator with the Hot Spring County Sheriff's Department, testified that appellant transferred his sex-offender registration from Saline County to Hot Spring County on June 21, 2021. Before the move, appellant had told Lieutenant Norwood that he was moving his mobile home to 316 Ranger Drive. Lieutenant Norwood testified that he had subsequently visited the address and took pictures of the "white and blue, single wide . . . older trailer." Appellant signed a renewal form for his registration and reporting requirements on September 14, 2023. At that time, appellant indicated that he only had access to a 1994 blue Ford F150 truck and listed his address as 316 Ranger Drive. Lieutenant Norwood explained that the form was completed on the computer, and a copy was printed and given to appellant after it was completed. He went over the form with appellant and asked whether there were any changes to the

information on the form. Appellant did not tell him he had acquired a new vehicle or that he had access to his wife's vehicle.

After later determining that appellant had failed to comply with the reporting requirements, Lieutenant Norwood filed a probable-cause affidavit on October 17, 2023, and an arrest warrant was issued. Appellant subsequently went back in to talk with Lieutenant Norwood on January 18, 2024, and appellant admitted that he had forgotten to register the "white Ford truck and the black Taurus."

After the State rested, defense counsel moved for directed verdict. He specifically argued the following:

> The defense would move for a directed verdict of not guilty on the failure to comply with sex offender registration requirements.
>
> The first element of the charge is that Mr. Curtis is required to register as a sex offender and we have stipulated to that fact. There's no question about that fact.
>
> The second part of that states that Mr. Curtis is to report in person a change of address and information concerning a vehicle; the make, model, color, and license tag.
>
> The state has not presented sufficient evidence from which a reasonable jury could find beyond a reasonable doubt that Randy Curtis did not register his address. The supervising officer stated that he had been to that property three (3) times and all three (3) times, there was nobody there. In that, he acknowledged -- or the officer acknowledged that there was a -- a structure on the hill on the same property. I believe the officer said that he thought it might be a different tract of property only because of the distance. And he said it was a hundred (100) or a hundred and fifty (150) yards from the mobile home that was on the property to the -- the site built structure.
>
> The fact that sex offenders are not afforded the opportunity to read over their verification form and read over that acknowledgment form and confirm, themselves, that the information is correct in and of itself, to me, would negate the validity of the form in that they're signing something they don't know. They get a copy of it and, of

4

course, Lieutenant Norwood said that they have the chance to read over it afterwards, but that's after the fact. Now I know that he said that it could be modified, but that's – that's that he has already acknowledged before reading.

The vehicle registration could certainly be an oversight. I know this registration requirement is a strict liability requirement, but there is no evidence to even speculate that Mr. Curtis did anything to try to hide his registration or anything of that nature. He had a blue Ford pickup and then he had a 2015 Ford pickup.

I anticipate you'll hear testimony about the blue Ford pickup in the defense's case, but, like I said, there's just not enough evidence for a reasonable jury to conclude that Randy Curtis is guilty of failure to comply with sex offender registration requirements.

The circuit court denied the motion.

Mrs. Curtis testified that the address for lot 40 where the mobile home used to sit is 372 Ridgefield Court. She further denied that she and appellant had ever lived in the mobile home when moving to Hot Spring County. She claimed that they had instead moved into the house that appellant had built at 316 Ranger Drive. Mrs. Curtis admitted that appellant no longer had the blue 1995 Ford truck but had acquired the 2015 Ford truck when they had first moved to Hot Spring County.

After the defense rested, and at the conclusion of all evidence, defense counsel renewed his motion for directed verdict, which the circuit court again denied. The jury found appellant guilty of failure to comply with sex-offender registration and reporting requirements. During the sentencing phase, the State introduced evidence of appellant's other prior convictions to prove that he is a habitual offender. The jury recommended that he be sentenced as a habitual offender to serve twenty years' imprisonment, which the circuit court imposed. This appeal followed.

## II. *Standard of Review*

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. In reviewing a sufficiency challenge, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id.* Further, the credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Armstrong, supra.*

This court has noted that a criminal defendant's intent or state of mind is seldom apparent. *Benton v. State*, 2020 Ark. App. 223, 599 S.W.3d 353. One's intent or purpose, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. *Id.* Because intent cannot be proved by direct evidence, the fact-finder is allowed to draw on common knowledge and experience to infer it from the circumstances. *Id.* Because of the difficulty

in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Id.*

### III. *Sufficiency of the Evidence*

Registered sex offenders are required to verify their registration in person every six months after their initial registration date during the period of time in which they are required to register. Ark. Code Ann. § 12-12-909(a)(1) (Supp. 2023). Arkansas Code Annotated section 12–12–904(a)(l)(A)(ii) (Supp. 2023) provides that a person is guilty of a Class C felony for failure to comply with registration and reporting requirements if the person "[f]ails to register or verify registration as required under this subchapter; [or] . . . [f]ails to report a change of address, employment, education, or training as required under this subchapter." Arkansas Code Annotated section 12-12-906(g)(3)(L) (Supp. 2023) provides in relevant part that a sex offender report any vehicle make, model, color, and license tag number that the sex offender owns, operates, or to which he or she has access. A sex offender must report any change in this information within five calendar days of the change. Ark. Code Ann. § 12-12-909(b)(1)(D). The sex-offender-registration requirements are mandatory, and the failure to comply with registration is a strict-liability offense. *Hall v. State*, 2022 Ark. App. 232, 646 S.W.3d 204.

The State submitted to the jury two theories on which it could find appellant guilty. The State argued and the jury was instructed that to sustain the charge, appellant had to fail to report in person a change of address *or* information concerning a vehicle make, model, color, and license tag number that appellant owned, operated, or to which he had access as

7

required. Appellant argues on appeal that the State failed to present sufficient evidence to support either theory. We disagree.

Regarding the requirement to report information concerning a change in vehicle, appellant specifically argues on appeal that the State "failed to prove Appellant was not in that five-day window when the vehicle was discovered on Appellant's property." However, appellant failed to make this argument in his motion for directed verdict. An appellant may not expand or enlarge the grounds for a directed-verdict motion when arguing the issue on appeal. *Adams v. State*, 2020 Ark. App. 107, 594 S.W.3d 884. Instead, he is bound by the scope of the directed-verdict motion made at trial, and all other arguments are not preserved for appellate review. *Id.* Because this claim was not a basis for his motion at trial, it is not preserved for appeal and is barred from review by this court. *Id.* Further, any other arguments appellant made below regarding his failure to report information concerning new vehicles but not raised on appeal are abandoned. *Kelly v. State*, 2025 Ark. App. 519; *Echoles v. State*, 2017 Ark. App. 352, 524 S.W.3d 417.

Because we must affirm appellant's conviction on the basis of his failure to report information concerning a change in vehicles, it is unnecessary to address appellant's additional arguments regarding whether there was substantial evidence to support the State's alternate theory that appellant failed to report a change in address. We will affirm a general verdict without regard to the State's proof on a particular element of a charge if there is sufficient evidence to convict on the alternative ground. *See generally Taylor v. State*, 2010 Ark. 372, at 14, 372 S.W.3d 769, 778; *Norris v. State*, 2010 Ark. 174, at 6, 368 S.W.3d 52,

8

56. Accordingly, we affirm appellant's conviction for failure to comply with sex-offender registration and reporting requirements.

## IV. *Sentencing Order*

Finally, we note that there is a clerical error in the sentencing order. Appellant was charged as a habitual offender; appellant's prior convictions were introduced at the sentencing hearing; and the jury sentenced appellant as a habitual offender. However, the box that would indicate appellant was sentenced as a habitual offender is not checked on the sentencing order. The circuit court is free to correct a clerical error to have the judgment speak the truth. *Battles v. State*, 2024 Ark. App. 198; *Carter v. State*, 2019 Ark. App. 57, 568 S.W.3d 788. Thus, we affirm appellant's conviction but remand to the circuit court with instructions to correct the sentencing order.

Affirmed; remanded to correct the sentencing order.

WOOD and BROWN, JJ., agree.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.